STATE OF NEBRASKA, APPELLEE, V. ALOYSIOS MONROE,
APPELLANT.
195 N. W. 2d 159

Filed March 3, 1972. No. 38206.

Joseph D. Martin, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

This is a prosecution for drunken driving in which the defendant's only contention on appeal is that the evidence is insufficient to submit to the jury the question of whether he was actually operating or in actual physical control of the motor vehicle at the time and the place charged in the information.

In other words, the question involved in this case is was the defendant sufficiently identified as the driver of the automobile? There appears to be no dispute in either the evidence in this case or on appeal as to the intoxicated condition of the defendant. The evidence shows that a member of the auxiliary police force of Grand Island, Nebraska, while off duty, was driving north on State Highway No. 281 between Hastings and Grand Island. He observed an older model car driving north and weaving from one side of the road to the other. At the intersection of State Highway Nos. 281 and 34, the car stopped for a flashing red light and the auxiliary policeman pulled up directly behind him. The auxiliary policeman testified that the man driving the front car, the individual on the left-hand side of the car, got out on the *left* side of the car and came back and made an indistinguishable remark to him. This man was identified as the defendant Monroe. The auxiliary policeman then followed the car north on State Highway No. 281 where it pulled into a filling station in Grand Island. At this point, the auxiliary policeman, his wife, and the filling station attendant all observed Mr. Monroe drive into the station, stop, and eventually get out the left-hand side of the vehicle and stagger into the filling station. The defendant had a passenger with him riding on the right-hand side, in the front seat.

This evidence was denied by the defendant. His contention in substance is that a companion, John William Nelson, drove all the way from Alliance, and Nelson testified that he fooled the police by sliding over to the right-hand side of the car because he did not have a

driver's license. This was refuted on rebuttal by the patrolman, and by the auxiliary policeman who testified that Mr. Nelson was seated on the right-hand side, in the front seat, and that he was wearing a large cowboy hat. This testimony was also corroborated by the filling station attendant, who also identified the defendant as he drove into the filling station.

It is obvious that the testimony at a minimum is conflicting and is therefore for the jury under familiar rules. It would further appear from the evidence that the defendant Monroe was the driver of the vehicle is so overwhelming it makes further argument as to the insufficiency of it to go to the jury a simple exercise in frivolity. The case was properly submitted to the jury and the judgment and sentence of the district court are correct and are affirmed.

AFFIRMED.